# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Brunswick Division

FILED at 10 O'clock & 59 min A.M.
Date 1/18/06

United States Bankruptcy Court
Savannah, Georgia

MAH

| | |
|---|---|
| In the matter of: | Adversary Proceeding |
| WILLIAM ALTON GIBBS, III<br>(Chapter 7 Case Number 05-20436) | Number 05-2039 |
| *Debtor* | |
| LOURDES DEARMAS, M.D. | |
| *Plaintiff* | |
| v. | |
| WILLIAM ALTON GIBBS, III | |
| *Defendant* | |

## MEMORANDUM AND ORDER

This Adversary Proceeding seeks a determination that a debt owed by Debtor to Plaintiff in the original amount of $25,000.00 is non-dischargeable under alternative sanctions of 11 U.S.C. § 523(a)[1]. For the reasons set forth here, I conclude that none of the exceptions apply and that the debt is discharged.

---

[1] Hereinafter, all section references are to Title 11 of the United States Code.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

At one point in time, Plaintiff and Debtor were dating each other. During the time of this relationship, Plaintiff learned that Debtor was working to develop a condominium project to be located on the Brunswick waterfront. He and his associates were offering "shares," actually the opportunity to reserve one of the units in the project, at a cost of $50,000.00 each. Six non-insider investors had paid that sum, and their funds were escrowed. Plaintiff was interested in purchasing as an investor, but could only offer a $25,000.00 deposit. Debtor told her that the developers would not accept a partial payment, but he would personally take those funds and "use" them for the project. When she paid the balance, he agreed to reserve a unit for her at that time. Debtor used the $25,000.00 for travel and other expenses related to obtaining the necessary capital to fund the project, but ultimately the effort failed when another investment group gained control of the property where the project would be located. Investors who had paid the full amount to "reserve" units received refunds from escrow, but Plaintiff, who had advanced one-half the amount, did not.

Plaintiff claims that when she delivered $25,000.00 to Debtor, she believed that she would receive an ownership interest in a yet-to-be developed condominium project on the Brunswick waterfront. However, the check that she issued to Debtor was payable to Dragonfly Worldwide LLC. Furthermore, on the "for" line on the check, the notation was made that it was for the Brunswick Waterfront Project/Gibbs. Debtor denied that he represented that she gained any ownership rights upon payment of the $25,000.00. Rather,

he believed that the transaction was a simple personal loan.

Either contemporaneously or subsequently, Debtor delivered to Plaintiff a promissory note whereby he obligated himself to pay her $25,000.00, due in three years. Notwithstanding Plaintiff's testimony, and notwithstanding her good faith belief that something tangible might have been created through this transaction, it is clear that no documentation supports the notion that she had purchased an asset. Rather, she delivered money to Debtor in anticipation that a condominium project would come out of the ground and, at some later time in consideration of payment of an additional $25,000.00, that she would acquire the right to reserve one of the units at whatever price was established for them by the developers.

Debtor's condominium project failed and although he did not escrow the funds that Plaintiff paid to him, I find no evidence that he was under a legal obligation to do so. The evidence is contradicted and equivocal as to whether he had an obligation to deliver anything to her in exchange for the monies that she paid until she remitted the entire $50,000.00. Clearly, in the final analysis it becomes a burden of proof problem since the testimony was contradicted. Viewing the documentary evidence that accompanied the oral testimony, the preponderance indicates that a personal loan was made by Plaintiff to Debtor which she understood would be used to pursue the development of the condominium project and that Debtor personally would, at some future time, repay that sum of money. Inasmuch as the transaction which I find occurred was, in essence, a routine personal loan transaction

uninfected by any fraudulent dealings, misrepresentation or bad faith, the debt is discharged.

### SECTION 523(a)(2)(A)

A debt is not dischargeable if it is a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To satisfy Section 523(a)(2)(A), a creditor must prove by a preponderance of the evidence that: (1) the debtor made a misrepresentation to intentionally deceive the creditor; (2) the creditor relied on that misrepresentation; (3) the creditor's reliance was justified; and (4) the creditor sustained injury as a result of the debtor's misrepresentation. S.E.C. v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998). The debtor's misrepresentation must be of a material fact, i.e., one that contains an important or substantial untruth. Fleming Companies, Inc. v. Eckert (In re Eckert), 221 B.R. 40, 44 (Bankr. S.D. Fla. 1998).

The $25,000.00 cannot be excepted from discharge pursuant to Section 523(a)(2)(A)[2] because Plaintiff has not proven by a preponderance of the evidence the required elements. She has not demonstrated either that Debtor committed actual fraud or that he made any misrepresentations to intentionally deceive her. The evidence does not

---

[2] Section 523(a)(2)(B) is also inapplicable in this case because Plaintiff has not proven that Debtor secured the $25,000.00 through the use of a statement respecting his financial condition. See 11 U.S.C. § 523(a)(2)(B).

AO 72A
(Rev. 8/82)

4

reveal any fraud or misrepresentations by Debtor in an attempt to secure receipt of the $25,000.00 from Plaintiff. Furthermore, Plaintiff has not demonstrated that Debtor intentionally defrauded Plaintiff for the purpose of inducing her to deliver the $25,000.00. For example, Plaintiff has not demonstrated that Debtor made promises to her regarding the $25,000.00 that he knew he could not fulfill or had no intention of fulfilling. See Ford v. Pupello (In re Pupello), 281 B.R. 763, 766 (Bankr. M.D. Fla. 2002). Rather, the evidence paints a picture in which Debtor accepted Plaintiff's $25,000.00 with the mutual understanding that the money served as a personal loan to be used by Debtor in the development of the condominium project, and Debtor gave uncontradicted testimony that he in fact used the funds for that purpose. Because Plaintiff has not established the elements of Section 523(a)(2)(A) by a preponderance of the evidence, the $25,000.00 debt owed by Debtor to Plaintiff is not excepted from discharge by this section.

### SECTION 523(a)(4)

A debt is not dischargeable if it is a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). When interpreting the phrase "fiduciary," the broad general definition of fiduciary does not apply in the dischargeability analysis. Lewis v. Short (In re Short), 818 F.2d 693, 695 (9th Cir. 1987). Rather, courts have consistently required that the trust on which the fiduciary relationship relies be an express or technical trust that existed before the act that created the debt. Blashke v. Standard (In re Standard), 123 B.R. 444, 453 (Bankr. N.D. Ga. 1991). In other words, the trust may not proceed from the wrong act that gave rise to the contested

debt. Id.; In re Short, 818 F.2d at 695 ("The debtor must have been a trustee before the wrong and not a trustee *ex maleficio*.").

Because Debtor did not act in a fiduciary capacity with respect to the $25,000.00 given to him by Plaintiff, Section 523(a)(4) cannot be used to except this debt from discharge. Plaintiff has failed to demonstrate by a preponderance of the evidence that the $25,000.00 was the subject of a technical or express trust. No trust agreement existed between Plaintiff and Debtor. Debtor was under no obligation to hold the $25,000.00 in a segregated account for Plaintiff's benefit or perform other duties and responsibilities that are commonly attributed to fiduciaries because she had not paid the full $50,000 deposit as others had done. *See* Ford v. Pupello (In re Pupello), 281 B.R. 763, 767 (Bankr. M.D. Fla. 2002)("An express or technical trust exists when there is a segregated trust res, an identifiable trust beneficiary, and trust duties established by contract or statute."); Farmers & Merchants Bank of Eatonton v. Alexander, 70 B.R. 419, 423 (M.D. Ga. 1987)(stating that a debtor-creditor relationship alone is insufficient to satisfy the discharge exception under Section 523(a)(4)). Therefore, the $25,000.00 debt owed by Debtor to Plaintiff is not excepted from discharge by Section 523(a)(4).

## SECTION 523(a)(6)

A debt is not dischargeable in bankruptcy if it is a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The term "willful" requires conduct that is intentional and deliberate.

AO 72A
(Rev. 8/82)

6

Blashke v. Standard (In re Standard), 123 B.R. 444, 449 (Bankr. N.D. Ga. 1991). Furthermore, "malicious" requires conduct that is "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will." Id. The two elements are distinct requirements under Section 523(a)(6). Smith v. Assevero (In re Assevero), 185 B.R. 951, 955 (Bankr. N.D. Ga. 1995). Reckless conduct will not satisfy the requirement of "willful" injury, but it will be sufficient to satisfy the "malicious" requirement. In re Standard, 123 B.R. at 449.

Because Debtor's actions have not been proven to be "willful and malicious" by a preponderance of the evidence, the $25,000.00 debt cannot be excepted from discharge by Section 523(a)(6). Plaintiff has failed to demonstrate that Debtor accepted and converted the $25,000.00 with the deliberate intent to cause injury to Plaintiff or her interests. Even if Debtor intentionally or knowingly failed to perform duties in compliance with a particular standard of care, Section 523(a)(6) cannot apply in this case because Plaintiff has not demonstrated that Debtor intentionally or knowingly acted to cause her injury. *See* Bank of Lumber City v. Rowland (In re Rowland), 316 B.R. 759, 763-64 (Bankr. S.D. Ga. 2004)(Davis, J.)(stating that nondischargeability under Section 523(a)(6) depends upon a debtor's intent to cause *injury* and not the intent to commit the *act* that leads to the injury). Furthermore, Plaintiff has not proven that Debtor acted in a reckless manner sufficient to satisfy the requirement of maliciousness. The concept of constructive or implied malice cannot apply in this case because there has been no showing that Debtor acted with the knowledge that his actions would harm Plaintiff or her interests. *See* In re Assevero, 185

7

B.R. at 955. Therefore, the $25,000.00 debt owed by Debtor to Plaintiff is not excepted from discharge by Section 523(a)(6).

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Debtor's obligation to repay Plaintiff is discharged.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 17th day of January, 2006.

## PROMISSORY NOTE

**RECITATIONS:**

| | |
|---|---|
| Date: | November 24, 2004 |
| Borrower: | William Alton Gibbs III |
| Borrower's Address: | 257 Abbott Lane |
| | St. Simons Island, GA 31522 |
| Payee: | Lourdes de Armas |
| Place for Payment: | Brunswick, GA |
| Principal Amount: | $25,000 |
| Term: | 3 years |
| Payment Term: | Balloon payment |

**PAYMENT TERMS.** This Note is due and payable as follows, to-wit: $25,000 principal plus 5% simple interest. The balloon payment is due and payable on the 24th day of November, 2007. If payment is not paid on time, the remaining balance will be subject to the maximum amount of interest permitted by the Laws of the State of Georgia.

**BORROWER'S PRE-PAYMENT RIGHT.** Borrower reserves the right to prepay this Note in whole or in part, prior to maturity, without penalty.

**PLACE FOR PAYMENT.** Borrower promises to pay to the order of Payee at the place for payment and according to the terms for payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

D-1

**DEFAULT AND ACCELERATION CLAUSE.** If Borrower defaults in the payment of this Note or in the performance of any obligation, and the default continues after Payee gives Borrower notice of the default and the time within which it must be cured, as may be required by law or written agreement, then Payee may declare the unpaid principal balance and earned interest on this Note immediately due. Borrower and each surety, endorser, and guarantor waive all demands for payment, presentation for payment, notices of intentions to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

**INTEREST ON PAST DUE PAYMENT AND CHARGES.** A past due payment of principal and/or interest and/or all other past-due incurred charges shall bear interest after maturity at the maximum amount of interest permitted by the Laws of the State of Georgia until paid. Failure by Borrower to remit payment by the 10th business day following the date that such payment is due entitles the Payee hereof to declare the entire principal and accrued interest immediately due and payable. .

**INTEREST.** Interest on this debt evidenced by this Note shall not exceed the maximum amount of non-usurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of the maximum shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this instrument (and any other instruments) concerning this debt.

**FORM OF PAYMENT.** Any check, draft, Money Order, or other instrument given in payment of all or any portion hereof may be accepted by the holder and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the payee and applied to this indebtedness in the manner elsewhere herein provided.

**BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

**DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW.** This Note shall be governed, construed and interpreted by, through and under the Laws of the State of Georgia.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this 24th day of November, 2004.

_____

William A. Gibbs III, President

Case:05-02039-LWD   Doc#:19   Filed:01/18/06   Entered:01/23/06 14:09:43   Page:12 of 12

Account Number: 1003434706
Serial Number: 1151
Amount: 25000.00
Tracer Number: 2000002002950
Posting Date: 11/26/2004



---

**LOURDES DEARMAS, M.D.**
103 DEMERE RETREAT LANE
ST. SIMONS ISLAND, GA 31522

64-496/612
1003434706

1151

DATE 11/23/04

PAY TO THE ORDER OF  Dragon Fly World Wide LLC   $ 25,000—

Twenty five thousand  DOLLARS

SAPELO NATIONAL BANK
Darien, Georgia • Brunswick, Georgia

THE LIGHTHOUSE ACCOUNT

MEMO B&W Project/Gibbs

⑆061204968⑆   1003434706⑈   1151   ⑆000 2500000⑆

P-1